

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 6:17-cr-18-0n-28KRS
    18 U.S.C. § 2339B(a)(1)
NOOR ZAHI SALMAN  18 U.S.C. § 1512(b)(3)

### INDICTMENT

The Grand Jury charges:

### COUNT ONE
*(Aiding and Abetting the Attempted Provision and Provision of Material Support to a Foreign Terrorist Organization)*

**A.    Introduction**

At times material to this Indictment:

1. Defendant NOOR ZAHI SALMAN was a United States citizen.

2. Omar Mateen was a United States citizen.

**B.    The Crime**

From an unknown date, but at least as early as in or about the end of April 2016, through and including on or about June 12, 2016, in the Middle District of Florida, and elsewhere, the defendant,

NOOR ZAHI SALMAN,

did knowingly aid and abet Omar Mateen's attempted provision and provision of "material support or resources," as that term is defined in 18 U.S.C. § 2339A(b)(1), including personnel and services, to a designated foreign terrorist organization, namely, the Islamic State of Iraq and the Levant, knowing that the organization was designated as a terrorist organization, and that the organization had engaged and was engaging in terrorist activity and terrorism, and the death of multiple victims resulted.

In violation of 18 U.S.C. §§ 2339B(a)(1) and 2 (aiding and abetting).

## COUNT TWO
*(Obstruction of Justice)*

On or about June 12, 2016, in the Middle District of Florida, and elsewhere, the defendant,

NOOR ZAHI SALMAN,

did knowingly engage in misleading conduct toward another person and persons, that is, Officers of the Fort Pierce, Florida, Police Department and Special Agents of the Federal Bureau of Investigation, with the intent to hinder, delay, and prevent the communication to federal law enforcement officers and judges of the United States of information relating to the commission and possible commission of a federal offense, that is, defendant NOOR ZAHI SALMAN did knowingly mislead Officers of the Fort Pierce,

Florida, Police Department and Special Agents of the Federal Bureau of Investigation in order to prevent them from communicating to agents of the Federal Bureau of Investigation and the United States Department of Justice and judges of the United States of America, information relating to the attack on June 12, 2016, at the Pulse Night Club, in Orlando, Florida, in the Middle District of Florida.

In violation of 18 U.S.C. § 1512(b)(3).

### FORFEITURE

1. The allegations contained in Count One are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. §§ 924(d) and 981(a)(1)(G) and 28 U.S.C. § 2461(c).

2. Upon conviction of the offense in violation of 18 U.S.C. § 2339B set forth in Count One, because the violation alleged constitutes a Federal crime of terrorism, as defined in 18 U.S.C. § 2332b(g)(5), against the United States, citizens and residents of the United States, and their property, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(G) and 28 U.S.C. § 2461(c), all assets, foreign and domestic, (1) acquired or maintained with the intent and for the purpose of supporting, planning, conducting, and concealing the offense; and (2) derived from, involved in, or used or intended to be used to commit the offense.   In

addition, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), the defendant shall forfeit any firearm or ammunition involved in the commission of the offense.

3. The specific assets to be forfeited include, but are not limited to, a forfeiture money judgement in the amount of $30,500.00.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

_____
Foreperson

A. LEE BENTLEY, III
United States Attorney

By: _____
Sara C. Sweeney
Assistant United States Attorney

By: _____
James D. Mandolfo
Assistant United States Attorney

By: _____
Roger B. Handberg
Assistant United States Attorney
Chief, Criminal Division (North)

# UNITED STATES DISTRICT COURT
Middle District of Florida
Orlando Division

THE UNITED STATES OF AMERICA

vs.

NOOR ZAHI SALMAN

## INDICTMENT

Violations:

18 U.S.C. § 2339B(a)(1)
18 U.S.C. § 1512(b)(3)

A true bill,

_____
Foreperson

Filed in open court this 12th day of January, 2017.

_____
Clerk

Bail $_____