UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.

NOOR ZAHI SALMAN,

    Defendant.

CASE NO. 6:17-cr-00018-ORL-40KRS

### DEFENDANT'S MOTION FOR A BILL OF PARTICULARS

Defendant Noor Zahi Salman moves for a bill of particulars, in accordance with Rules 7(f) and 12(b) of the Federal Rules of Criminal Procedure; the Due Process and Effective Assistance of Counsel provisions of the Fifth and Sixth Amendments to the Constitutional of the United States; and the revised scheduling order. A bill of particulars will adequately apprise Defendant of the scope of the Government's allegations and allow Ms. Salman to prepare her defense and avoid unfair and prejudicial surprise at trial.

### RELIEF REQUESTED

Defendant requests that the Government provide in the form of a bill of particulars the act or acts the Government intends to prove constituted aiding and abetting Omar Mateen's attempted provision and provision of "material support or resources" to the Islamic State of Iraq and the Levant (ISIL) from, at the earliest, April 2016.

Defendant also requests that the Government provide in the form of a bill of particulars the acts or omissions the Government intends to prove constituted Salman's misleading conduct with the intent to hinder, delay, and prevent the communication of information relating to the attack on June 12, 2016, at the Pulse Night Club, in Orlando, Florida, in the Middle District of Florida.

INTRODUCTION

On January 12, 2017, a federal grand jury returned an indictment charging Salman with two counts. Salman is charged in Count One with aiding and abetting material support for a terrorist group and, in Count Two, with obstructing justice. The entirety of these two Counts reads as follows:

Count One

From an unknown date, but at least as early as in or about the end of April 2016, through and including on or about June 12, 2016, in the Middle District of Florida, and elsewhere, the defendant, NOOR ZAHI SALMAN did knowingly aid and abet Omar Mateen's attempted provision and provision of "material support or resources," as that term is defined in 18 U.S.C. § 2339A(b)(l), including personnel and services, to a designated foreign terrorist organization, namely, the Islamic State of Iraq and the Levant, knowing that the organization was designated as a terrorist organization, and that the organization had engaged and was engaging in terrorist activity and terrorism, and the death of multiple victims resulted.

Count Two

On or about June 12, 2016, in the Middle District of Florida, and elsewhere, the defendant, NOOR ZAHI SALMAN, did knowingly engage in misleading conduct toward another person and persons, that is, Officers of the Fort Pierce, Florida, Police Department and Special Agents of the Federal Bureau of Investigation, with the intent to hinder, delay, and prevent the communication to federal law enforcement officers and judges of the United States of information relating to the commission and possible commission of a federal offense, that is, defendant NOOR ZAHI SALMAN did knowingly mislead Officers of the Fort Pierce, Florida, Police Department and Special Agents of the Federal Bureau of Investigation in order to prevent them from communicating to agents of the Federal Bureau of Investigation and the United States Department of Justice and judges of the United States of America, information relating to the attack on June 12, 2016, at the Pulse Night Club, in Orlando, Florida, in the Middle District of Florida.

Salman is entitled to a bill of particulars from the Government regarding what acts allegedly constituted aiding and abetting. At the bond hearing, the Government proffered that Salman aided and abetted Mateen by manufacturing a cover story to give to his parents for why he was not able to attend a family dinner. If the charge is based on other alleged conduct, however, the

Government should be ordered to specify that conduct. Thus, the Court should order the Government to provide, in the form of a bill of particulars, the act or acts which the Government intends to prove constituted Noor Salman's knowingly and intentionally aiding and abetting Mateen's attack on the Pulse Nightclub to materially support ISIL.

Salman is also entitled to a bill of particulars specifying the essential conduct constituting the obstruction offense. Defendant has reviewed the voluminous discovery produced in this case and believes that the Government will assert that Salman's alleged conduct in withholding knowledge that Mateen would attack the Pulse Nightclub constitutes the offense conduct. If this is incorrect or incomplete, the Government should be ordered to specify the essential facts it intends to prove. Therefore, the Government should also provide, in the form of a bill of particulars, the act or acts which the Government intends to prove constituted Noor Salman's misleading conduct with the intent to obstruct the investigation into Mateen's attack on the Pulse Nightclub in Orlando.

**ARGUMENTS AND AUTHORITIES**

**I.  Salman's motion for a bill of particulars is timely.**

Salman seeks a bill of particulars under Rule 7(f) of the Federal Rules of Criminal Procedure. Under Rule 7(f), a "defendant may move for a bill of particulars before or within 14 days after arraignment **or at a later time if the court permits**." (emphasis added). Defendant Salman's motion is timely under the Court's amended scheduling order. In its April 20, 2017, scheduling order, the Court ordered that most of Defendant's motions, including a motion for a bill of particulars, are due by September 1, 2017. *See* Doc. 48; Doc. 38 § II.B; *id.* § II.B C (specifying that this deadline covers a motion for a bill of particulars).

## II. Salman is entitled to a bill of particulars on both counts.

Salman needs a bill of particulars to prepare her defense. *See United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985).[1] Fundamentally, "[t]he function of a bill of particulars is to 'cure omissions of details that might enable the defendant to prepare his defense.'" *United States v. Perkins*, 748 F.2d 1519, 1526 (11th Cir. 1984) (quoting *United States v. Haas*, 583 F.2d 216, 221 (5th Cir. 1978)). "It is well[-]settled law that 'where an indictment fails to set forth specific facts in support of requisite elements of the charged offense, and the information is essential to the defense, failure to grant a request for a bill of particulars may constitute reversible error.'" *Cole*, 755 F.2d at 760 (quoting *United States v. Crippen*, 579 F.2d 340, 342 (5th Cir. 1978)).

While an indictment reciting the elements of an offense might survive a motion to dismiss, a bare-bones indictment may not "meet fully the Government's obligation to permit defendant to prepare a defense." *Haas*, 583 F.2d at 221. Under these circumstances, a bill of particulars is necessary. *Id.* As future Supreme Court Justice Charles Evans Whittaker wrote in *United States v. Smith*, 16 F.R.D. 372, 375 (W.D. Mo. 1954),

> Certainly the fact that an indictment or information conforms to the simple form suggested in the rules is no answer or defense to a motion for a bill of particulars under Rule 7(f). Rule 7(f) necessarily presupposes an indictment or information is good against a motion to quash or a demurrer. Its proper office "is to furnish to the defendant further information respecting the charge stated in the indictment when necessary to the preparation of his defense, and to avoid prejudicial surprise at the trial", and when necessary for those purposes, is to be granted even though it requires "the furnishing of information which in other circumstances would not be required because evidentiary in nature", and an accused is entitled to this "as of right".

(quoting *United States v. U.S. Gypsum*, 37 F. Supp. 398, 402 (D.D.C. 1941)).

---

[1] It also minimizes surprise at trial and enables the defendant to plead double jeopardy if she is later prosecuted for the same offense. *Id.*

Salman does not seek to elicit information about how the Government will make its case or its trial strategy, but rather: (1) what it intends to prove Salman did to aid and abet Mateen's alleged material support of terrorism alleged in Count One; and (2) what misleading conduct it intends to prove Salman engaged in to commit the obstruction of justice charge alleged in Count Two. In other words, Salman seeks the essential facts which the Government argues comprise the offenses alleged against her—not the evidence the Government will present attempting to prove these facts.

### A. Salman is entitled to a bill of particulars stating what conduct the aiding and abetting charge is based on.

Salman is entitled to a bill of particulars stating the essential facts of the aiding and abetting conduct. The indictment sets out adequate information concerning Mateen's offense but, as shown below, contains nothing about what Salman allegedly did to aid and abet his actions. This is not sufficient. *See United States v. Williams*, 2016 U.S. Dist. LEXIS 185118, *49 (N.D. Ga. Oct. 19, 2016), *report and recommendation adopted sub nom. United States v. Williams*, 2017 U.S. Dist. LEXIS 38393 (N.D. Ga., Mar. 16, 2017); *see also United States v. Menjivar*, No. 1:10-CR-86-11-RWS-ECS, 2011 U.S. Dist. LEXIS 157331, at *4 (N.D. Ga. Nov. 29, 2011) ("If the essential facts are not disclosed in the discovery, then the government is DIRECTED to provide this information in the form of a bill of particulars to the Defendant stating what the government contends the essential facts are relating to [the aiding and abetting] [c]ount.").

In *Williams*, the government charged Tonia Williams with aiding and abetting a drug conspiracy, describing the conspiracy itself in detail. *See id.* at *48. In her motion for a bill of particulars, Williams requested "that the government detail and clarify the meaning of the aiding and abetting allegations contained in" the indictment. *Id.* The government provided some additional information but protested that this request was an improper attempt to obtain "the govern-

ment's trial strategy." *Id.* The district court disagreed and ordered the government to identify the "essential fact surrounding the aiding and abetting allegations" in the discovery or, to the extent such facts were not disclosed in discovery, to provide them. *Id.* It was not enough merely to describe the underlying drug offenses. *See id.*

The Government proffered during the bond hearing that Salman had manufactured a cover story to tell Mateen's parents. The Government later clarified that Salman had not admitted to crafting a cover story. Based on the Government's change in its proffer and the Defense's review of the relevant discovery to date, it's not clear to the Defense that the Government will go forward based only on the allegation that Salman created a cover story for Mateen so that his absence from a family dinner would not arouse suspicion, resulting in his family's reporting his conduct to the police. Furthermore, the indictment charges that Salman aided and abetted Mateen "at least as early as . . . the end of April 2016"—that is, far earlier than Salman could be alleged to have crafted a cover story. Because the indictment implies that the Government intends to prove additional conduct, the Government should say if Salman's alleged conduct in "manufacturing a cover story" is the only conduct it intends to prove. *See Williams*, 2016 U.S. Dist. LEXIS 185118, at *49 ("[T]o the extent the government contends that the aiding and abetting involved more than mere recruitment, as it appears to argue, it is ORDERED to direct Williams to the places in the discovery where the essential facts surrounding the aiding and abetting allegations are disclosed") (citation omitted). Specifically, the Government should be directed either to provide the defense the essential facts of the aiding and abetting charge or to direct the defense to the place in the discovery where the essential facts are described.

**B.  Salman is entitled to a bill of particulars regarding the particular conduct constituting obstruction.**

Salman is also entitled to a bill of particulars clarifying the Government's obstruction charge. *See Haas*, 583 F.2d at 221 (stating that a bill of particulars "is an appropriate method of seeking" information about "what was communicated" in an obstruction offense); *see also United States v. Harris*, 821 F.3d 589, 597 (5th Cir. 2016) (noting that the government had filed a bill of particulars alleging specific "misrepresentations or pretenses").

In *Hass*, the government charged Thomas Haas with obstruction. *Id.* at 219. Tracking the language of the statute, the indictment alleged that Haas violated 18 U.S.C. § 1503 by corruptly communicating information concerning a killing to a grand juror in an effort to impede the juror's duties. *Id.* The court held this "bare allegation" was sufficient to withstand a motion to dismiss but did "not appear to meet fully the Government's obligation to permit defendant to prepare a defense." *Id.* The Government should have stated *what* was communicated that gave rise to the obstruction charge. *Id.*

Based on Defendant's review of the discovery, the Defense believes the Government will argue their claim that the obstruction charge is based on Salman's allegedly withholding foreknowledge that Omar Mateen would attack the Pulse Nightclub. The Defense requests that the Government confirm that this is the only alleged conduct upon which the obstruction charge is based. If not, the Government should file a bill of particulars specifying "what was communicated"—i.e., what "misleading conduct" allegedly comprises the "essential facts" of the obstruction charge. As the Court noted in its opinion on the venue issue, these facts are essential for Ms. Salman to prepare a defense. *See* Doc. 65 at 5 n. 3 ("The nature of the statements attributed to Defendant [comprising the obstruction charge] [were] critical to the success of her motion to dismiss."). This information is also necessary for Defendant to avoid unfair surprise at trial.

# BILL OF PARTICULARS

Based on these authorities, Salman moves this Court to require the Government to provide a bill of particulars as to the following matters:

### A. The "aiding and abetting" allegation

Count One alleges that Salman "aided and abetted" Omar Mateen in his material support of ISIL, in violation of 18 U.S.C. § 2339B. Although the Government need not give its proofs or reveal its trial strategy, the Government must clarify the essential facts of *how* she is alleged to have aided and abetted Mateen. *See Williams*, 2016 U.S. Dist. LEXIS 185118, at *49 (N.D. Ga. 2016) (ordering the Government to clarify vague aiding and abetting charges when it was not clear how the defendant had allegedly aided the crime); *see also Menjivar*, 2011 U.S. Dist. LEXIS 157331, at *4 (same); *United States v. Melvin*, No. 3:14-cr-00022, at *11 Doc. 98 (N.D. Ga. April 17, 2015) (same). Thus, the Government should provide, in the form of a bill of particulars, the act or acts which the Government intends to prove constituted Noor Salman's knowingly and intentionally aiding and abetting Mateen's attack on the Pulse Nightclub to support ISIL.

### B. The obstruction allegation

Count Two alleges that Salman engaged in misleading conduct toward local Florida police officers and the FBI, in violation of 18 U.S.C. § 1512(b)(3). Again, while the Government need not give its proofs or trial strategy, it must clarify what misleading statements Salman made that the Government alleges obstructed its investigation. *See Haas*, 583 F.2d at 221 (requiring the government to clarify "what was communicated" that constituted obstruction). Thus, the Government should provide, in the form of a bill of particulars, the act or acts which the Government intends to prove constituted Noor Salman's misleading conduct with the intent to obstruct the investigation in Orlando.

Respectfully submitted this 3rd day August, 2017,

*/s/ Charles D. Swift*
Charles D. Swift, Pro Hac Attorney for Noor Salman
Constitutional Law Center for Muslims in America
833 E. Arapaho Rd., Suite 102
Richardson, TX 75074
cswift@clcma.org
(972) 914-2507

Linda Moreno, Esq.
Linda Moreno P.A.
P.O. Box 10985
Tampa, Florida 33679
Phone: (813) 247-4500
Fax: (855) 725-7454
lindamoreno.esquire@gmail.com

### CERTIFICATE OF SERVICE

On August 3, 2017, I electronically filed the forgoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all attorneys of record.

*/s/ Charles D. Swift*
Charles D. Swift, Pro Hac Attorney for Noor Salman
Constitutional Law Center for Muslims in America
833 E. Arapaho Rd., Suite 102
Richardson, TX 75074
cswift@clcma.org
(972) 914-2507