UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 6:17-cr-18-Orl-40KRS |
| Plaintiff, | ) | |
| vs. | ) | |
| NOOR ZAHI SALMAN | ) | |
| Defendant. | ) | |

## DEFENSE NOTICE TO THE COURT
## REGARDING THE SUPPRESSION HEARING

Comes now the Defendant, Noor Salman, through her attorneys, Charles Swift and Linda Moreno, and files this notice in response to the Court's hearing on October 13, 2017, regarding the suppression hearing. Doc. 134. The defense moves for the limited closure of the suppression hearing.

The parties are in agreement that the portions of the hearing related to the defendant's interactions with law enforcement (with the exception of the content of her statements) on June 12, 2016, should be open to the public, as should portions of the hearing touching on the defendant's mental health.

The government argues that the defendants statements made during her interrogation by the FBI on June 12, 2016, should be admitted in open court because they have already received substantial pre-trial publicity and because of this Court's

1

admonishment of potential jurors to refrain from reading or watching news accounts of the present case.

Contrary to the government's assertion, the specific content of Ms. Salman's statements have not been the subject of pre-trial publicity. The government did not provide the statements, or their contents, in context of the bail hearings and only referred to them generically. Likewise, the government's response to the motion to the Bill of Particulars lays out in part what the government believes constituted false information by the defendant during the interrogation, but does not detail the defendant's alleged admissions. The defense does not object to receiving similar generic information during a public proceeding, but believes a recitation of the defendant's alleged statements would improperly prejudice the defendant at this point.

The specific content of the statements has limited relevance to their admissibility. Accordingly, the public's interest to fully understand the issues before the Court is not undermined by restricting the release of the content of the statements at issue. The admissibility of the statements has yet to be determined and, should the court determine that part or all of the statements are not admissible, the pre-trial publicity of their content will be particularly prejudicial. Even if admitted, the defense will present expert testimony demonstrating the impossibility of portions of Ms. Salman's alleged admissions, and her suggestibility, along with other evidence that undermines the reliability of these statements. None of this, of course, is relevant to whether the statements themselves are admissible; it is necessary that the specifics of Ms. Salman's

statements are presented in a complete context. If admitted, the public will have an opportunity to be informed of all of this evidence. What is not served is a piecemeal approach wherein the government elicits the specifics of the defendant's statements, in the absence of the defense's ability to rebut such statements. As such, the public's interest is served by having the totality of the information concerning the specific statements presented in a trial setting, should this Court determine that part, or all of them, are admissible.

The defense is mindful of the Court's admonishment to potential jurors to avoid media reports of the case, and that potential jurors are presumed to follow the Court's instructions. Experience, however, counsels caution, particularly because of the length of time between the Court's instruction and trial. In an effort to strike a balance between all interests, the defense proposed an agreement to jointly challenge for cause any juror who revealed during voir dire that he or she failed to follow the Court's instruction and viewed media concerning this case. The government, however, is unwilling to agree to this prophylactic measure. Accordingly, the Defense seeks closure of the suppression hearing in the event that specifics of Ms. Salman's statements are sought to be introduced at this point.

Respectfully submitted this 20th day of October, 2017.

*/s/ Charles D. Swift*
Charles D. Swift
Pro Hac Attorney for Noor Salman
TX State Bar No. 24091964
Constitutional Law Center for Muslims in America
833 E Arapaho Rd, Suite 102

Richardson, TX  75081<br>
(972) 914-2507

<u>Linda Moreno</u><br>
Linda Moreno, Esq.<br>
Attorney for Noor Salman<br>
Florida Bar No. 0112283<br>
Linda Moreno P.A.<br>
P.O. Box 10985<br>
Tampa, Florida 33679<br>
Phone: (813) 247-4500<br>
Fax: (855) 725-7454

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the Notice to the Court was sent by CM/ECF delivery on October 20, 2017, to, all counsel or parties of record on the service list.

<i>/s/ Charles D. Swift</i><br>
Charles D. Swift<br>
Pro Hac Attorney for Defendant Salman