## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**v.**                                  **Case No. 6:17-cr-18-Orl-40KRS**
                                              **(Forfeiture)**

**NOOR ZAHI SALMAN**

### UNITED STATES' MEMORANDUM OF LAW REGARDING FORFEITURE

The United States submits this memorandum regarding the procedure governing the forfeiture sought in this case. In the event that defendant Noor Zahi Salman is convicted of Count One of the Indictment, this memorandum outlines why, pursuant to Federal Rule of Criminal Procedure 32.2(b)(5), the Court—and not the jury—should determine the amount of proceeds the defendant obtained as a result of her criminal conduct.

### MEMORANDUM OF LAW

**I.    Applicable Statutes**

The defendant is charged in the Indictment with Aiding and Abetting the Attempted Provision and Provision of Material Support, in violation of 18 U.S.C. § 2339B(a)(1).   Should the defendant be convicted of this count, the United States will seek an order of forfeiture from the Court in the amount of the proceeds the defendant obtained from the offense.[1]

---

[1] The United States will present evidence at trial and/or at or before sentencing establishing the amount of the proceeds for which it will seek an order of forfeiture.

In sentencing a person convicted of Aiding and Abetting the Attempted Provision and Provision of Material Support offense, the Court's authority to enter an order of forfeiture for the proceeds the defendant obtained as a result of committing the offense is found in 18 U.S.C. § 981(a)(1)(G), 28 U.S.C. § 2461(c) and Federal Rule of Criminal Procedure 32.2.   The United States may criminally forfeit, pursuant to 18 U.S.C. § 981(a)(1)(G) and 28 U.S.C. § 2461(c), all assets, foreign and domestic, derived from the offense.   Additionally, Rule 32.2(b)(2) allows for the entry of an order of forfeiture for the amount of proceeds the defendant obtained as a result of committing the acts for which he/she is convicted.

II.    **Forfeiture Proceeding**

The Eleventh Circuit held that "a party is *not* entitled to a jury finding regarding a money judgment." *United States v. Curbelo*, 726 F.3d 1260, 1278 (11th Cir. 2013) *cert. denied*, 134 S. Ct. 962 (2014).   Instead, "*the court* must determine the amount of money that the defendant will be ordered to pay."   *Id.* (quoting Rule 32.2(b)(1)(A)); *see also* Rule 32.2(b)(1) ("If the government seeks a *personal money judgment, the court must determine the amount of money* that the defendant will be ordered to pay.") (emphasis added).   The Eleventh Circuit's holding is consistent with that of other circuits. *See United States v. Phillips,* 704 F.3d 754, 769 (9th Cir. 2012) (holding there is no statutory right to have jury determine amount of money judgment); *United States v. Gregoire*, 638

2

F.3d 962, 972 (8th Cir. 2011) (same)*; United States v. Tedder*, 403 F.3d 836, 841 (7th Cir. 2005) (same).

Thus, because the United States does not seek forfeiture of specific property associated with the charged offenses, but only an order of forfeiture for the amount of proceeds the defendant obtained as a result of committing such violation, the defendant is not entitled to a jury determination on the forfeiture in this case.

## III.   Conclusion

Should the defendant request a jury determination on the amount of proceeds she obtained as a result of her criminal activity, pursuant to Rule

32.2(b)(5), the United States asks that the Court deny the request, because there

is no such right to a jury determination on that issue.

Respectfully Submitted,

MARIA CHAPA LOPEZ
United States Attorney

By:     *s/Anita M. Cream*
ANITA M. CREAM
Assistant United States Attorney
Florida Bar Number 56359
400 North Tampa St., Ste. 3200
Tampa, Florida 33602
(813) 274-6000 – telephone
(813) 274-6220 – facsimile
E-mail: anita.cream@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2018, I electronically filed the

foregoing with the Clerk of the Court by using the CM/ECF system which will

send a notice of electronic filing to the following:

Charles D. Swift, Esquire
Fritz J. Scheller, Esquire
Linda G. Moreno, Esquire

*s/Anita M. Cream*
ANITA M. CREAM
Assistant United States Attorney

4