**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

   v.       CASE NO. 6:17-cr-18-Orl-40KRS
               (Forfeiture)

**NOOR ZAHI SALMAN**

**PROPOSED FORFEITURE JURY INSTRUCTIONS**

  The United States hereby requests that the following jury instructions be given during the Court's charge at the separate Forfeiture hearing following the conviction, if such a hearing is held.

  As the Court is aware, pursuant to Federal Rule of Criminal Procedure 32.2(b)(5)(A), the Court must determine whether either party requests that the jury be retained to determine the forfeitability of specific property before the jury begins deliberating on the issue of guilt.   The United States, however, will not request a jury determination of the forfeiture.   Accordingly, these instructions will only be necessary if Noor Zahi Salman is convicted of the violation charged in

Count One of the Indictment, requests a jury determination of the forfeiture, and the Court grants the request.

          Respectfully submitted,

          MARIA CHAPA LOPEZ
          United States Attorney

By: *s/Anita M. Cream*
     ANITA M. CREAM
     Assistant United States Attorney
     Florida Bar Number 56359
     400 N. Tampa Street, Suite 3200
     Tampa, Florida 33602
     Telephone: (813) 274-6000
     Facsimile: (813) 274-6220
     E-mail: anita.cream@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 27, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Charles D. Swift, Esquire
Fritz J. Scheller, Esquire
Linda G. Moreno, Esquire

By: *s/Anita M. Cream*
     ANITA M. CREAM
     Assistant United States Attorney

## SPECIAL JURY CHARGE

### (General - Pattern)

Members Of The Jury:

Your verdict in this case does not complete your jury service as it would in most cases because there is another matter you must now consider.

You must decide whether the Defendant, Noor Zahi Salman, should forfeit certain property to the United States as a part of the penalty for the crime charged in Count One of the Indictment.

In a portion of the indictment and a bill of particulars not previously discussed or disclosed to you, it is alleged that certain assets are subject to forfeiture. In view of your verdict finding the Defendant guilty of Count One, you must also decide whether certain property should be forfeited to the United States.

To "forfeit" a thing is to be divested or deprived of the ownership of it as a part of the punishment allowed by the law for certain criminal offenses.

To decide whether the property should be forfeited, you should consider all the evidence you have already heard plus any additional evidence that will be presented to you after these instructions.

The forfeiture allegations of the Indictment and Bill of Particulars, a copy of which will be provided to you for your consideration during supplemental deliberations, describe in particular the following property allegedly subject to forfeiture to the United States:

1. a diamond solitaire ring and matching band purchased by the defendant and Omar Mateen on June 6, 2016;

2. a gold charm purchased by the defendant and Omar Mateen on June 6, 2016; and

3. a one-carat diamond stud earrings purchased by Omar Mateen on June 10, 2016.

To be entitled to the forfeiture of these properties, the Government must have proved by a preponderance of the evidence one or more of the following:[1]

1. That the property belongs to Noor Zahi Salman who was engaged in planning or perpetrating a Federal crime of terrorism (the offense charged in Count One of the Indictment) against the United States, citizens or residents of the United States, or their property;

2. That the property was acquired or maintained by Noor Zahi Salman with the intent and for the purpose of supporting, planning, conducting, or concealing any Federal crime of terrorism (the offense charged in Count One of the Indictment) against the United States, citizens or residents of the United States, or their property; or

3. That the property was as derived from, involved in, or used or intended to be used to commit a Federal crime of terrorism (the offense charged in Count One of the Indictment) against the United States, citizens or residents of the United States, or their property

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

While deliberating concerning the issue of forfeiture you must not reexamine your previous determination regarding the Defendant's guilt. But all the instructions previously given to you concerning your consideration of the

---

[1] 18 U.S.C. § 981(a)(1)(G) and 28 U.S.C. § 2461(c).

evidence, the credibility of the witnesses, your duty to deliberate together, your duty to base your verdict solely on the evidence without prejudice, bias, or sympathy, and the necessity of a unanimous verdict, will continue to apply during these supplemental deliberations.

      A Special Verdict Form has been prepared for your use, which contains certain questions relating to the assets. You may answer simply by putting an "X" or check mark in the space provided next to the words "Yes" or "No." The foreperson must then sign and date the Special Verdict Form.[2]

---

[2] Fed. R. Crim. P. 32.2(b)(5)(B).