**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

v.                                    Case No. 6:17-cr-18-Orl-40KRS

**NOOR ZAHI SALMAN**

## UNITED STATES' AMENDED MEMORANDUM OF LAW REGARDING FORFEITURE

The United States submits this memorandum regarding the procedure governing the forfeiture sought in this case. In the event that defendant Noor Zahi Salman is convicted of Count One of the Indictment, this memorandum outlines why, pursuant to Federal Rule of Criminal Procedure 32.2(b)(5), the Court—and not the jury—should determine the amount of proceeds the defendant obtained as a result of her criminal conduct.

## MEMORANDUM OF LAW

The United States seeks an order of forfeiture against the defendant in the amount of $30,500.00, and the forfeiture of a diamond solitaire ring and matching band purchased by the defendant and Omar Mateen on June 6, 2016; a gold charm purchased by the defendant and Omar Mateen on June 6, 2016; and a one-carat diamond stud earrings purchased by Omar Mateen on June 10, 2016.

In the event that the defendant is convicted of Count One of the Indictment, this memorandum outlines why, pursuant to Federal Rule of Criminal Procedure 32.2(b)(5), the Court—and not the jury—should determine the

amount of the amount of proceeds the defendant obtained as a result of committing the charged crimes.  It further outlines the procedures the United States proposes for obtaining a jury determination on forfeiture of the specific assets should the defendant request a jury determination on the forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2(b)(5).

I. **Applicable Statutes**

The defendant is charged in the Indictment with Aiding and Abetting the Attempted Provision and Provision of Material Support, in violation of 18 U.S.C. § 2339B(a)(1).  Should the defendant be convicted of this count, the United States will seek an order of forfeiture from the Court in the amount of the proceeds the defendant obtained from the offense.[1]

In sentencing a person convicted of the Aiding and Abetting the Attempted Provision and Provision of Material Support offense, the Court's authority to enter an order of forfeiture for the proceeds the defendant obtained as a result of committing the offense is found in 18 U.S.C. § 981(a)(1)(G), 28 U.S.C. § 2461(c) and Federal Rule of Criminal Procedure 32.2.  The United States may criminally forfeit, pursuant to 18 U.S.C. § 981(a)(1)(G) and 28 U.S.C. § 2461(c), all assets, foreign and domestic, derived from the offense.  Additionally, Rule 32.2(b)(2) allows for the entry of an order of forfeiture for the amount of proceeds the

---

[1] The United States will present evidence at trial and/or at or before sentencing establishing the amount of the proceeds for which it will seek an order of forfeiture.

defendant obtained as a result of committing the acts for which he/she is convicted.

Additionally, when a defendant no longer has the actual dollars in criminal proceeds or property directly traceable to forfeitable proceeds in her possession, Rule 32.2(b)(2) allows for the entry of an order of forfeiture for the amount of proceeds the defendant obtained as a result of committing the acts for which he/she is convicted.

## II. Forfeiture Proceeding

There is no constitutional right to a jury determination regarding forfeiture of property. *See United States v. Libretti,* 516 U.S. 29, 49 (1995) ("the nature of criminal forfeiture as an aspect of sentencing compels the conclusion that the right to a jury verdict on forfeitability does not fall within the Sixth Amendment's constitutional protection"). The only right to a jury trial for forfeiture proceedings is created in Federal Rule of Criminal Procedure 32.2(b)(5). *See United States v. Gaskin*, No. 00-cr-6148, 2002 WL 459005, at *9 n.3 (W.D.N.Y. 2002) (notwithstanding *Libretti*, which appears to make trial by jury on the forfeiture issue inappropriate, Rule 32.2(b)(4) gives a defendant the right to have the jury determine the forfeiture if the case was tried before a jury), *aff'd*, 364 F.3d 438 (2d Cir. 2004).[2]

---

[2] When Rule 32.2 was amended in December 2009, section (b)(4) became (b)(5).

3

Federal Rule of Criminal Procedure 32.2 sets forth the procedures governing criminal forfeiture and codifies each party's right to a jury determination on forfeiture.   In order to have a jury determination on property subject to forfeiture, <u>prior to the jury's commencement of deliberations regarding guilt</u>, a party must request that the jury also make a forfeiture determination in the event that the jury delivers a guilty verdict.   Therefore, the United States requests that the Court ask the defendant, prior to the commencement of jury deliberations, if not sooner, whether she will seek a forfeiture jury determination. *See* Rule 32.2(b)(5)(A).   The United States will not request a jury determination.

### A.  Order of Forfeiture

Importantly, Rule 32.2(b)(5) provides for each party's right to a jury determination on the forfeiture of *specific* property only.   Pursuant to Rule 32.2(b)(5)(A) "if a party requests that a jury determine the forfeitability of *specific property*, the district court must submit that question to the jury by way of a special verdict form."   *United States v. Curbelo*, 726 F.3d 1260, 1277 (11th Cir. 2013) *cert. denied*, 134 S. Ct. 962, 187 L. Ed. 2d 822 (2014).   Because "the rule says nothing about a jury determining the amount of a money judgment", the Eleventh Circuit held that, "[b]y negative implication, a party is *not* entitled to a jury finding regarding a money judgment."   *Id.* at 278.

Instead, "*the court* must determine the amount of money that the defendant will be ordered to pay."   *Id.* (quoting Rule 32.2(b)(1)(A)); *see* Rule

32.2(b)(1) ("If the government seeks a *personal money judgment, the court must determine the amount of money* that the defendant will be ordered to pay.") (emphasis added).   The Eleventh Circuit's holding is consistent with that of other circuits.   See *United States v. Phillips,* 704 F.3d 754, 769 (9th Cir. 2012) (holding there is no statutory right to have jury determine amount of money judgment); *United States v. Gregoire*, 638 F.3d 962, 972 (8th Cir. 2011) (same)*; United States v. Tedder*, 403 F.3d 836, 841 (7th Cir. 2005) (same).

Thus, the defendant is not entitled to a jury determination on the amount of the order of forfeiture sought in this case.

### B. Specific Assets

At any party's timely request, however, the jury may be charged to make a determination as to whether the United States has established the requisite nexus between the **specific** property it alleges is subject to forfeiture and the violation charged in the count of conviction. See Rule 32.2(b)(5).

It is not necessary for the jury to determine the extent of the defendant's interest in the property, as that issue is decided in an ancillary proceeding, if necessary.   It is the duty of the jury solely to determine whether the United States has established the requisite nexus between the property alleged to be subject to forfeiture and the offense for which the defendant was found guilty.

Because forfeiture is an aspect of sentencing, the United States need only prove the elements of forfeiture by a preponderance of the evidence.   See

5

*United States v. Dicter,* 198 F.3d 1284, 1289-90 (11th Cir. 1999) (elements of forfeiture under 21 U.S.C. § 853(a)(1) and (a)(2) must be proven under the preponderance standard); *United States v. Hasson*, 333. F.3d 1264, 1278 (11th Cir. 2003) (extending preponderance standard to forfeiture cases under 18 U.S.C. § 982(a)(1)).

Moreover, the post-*Libretti* changes to federal sentencing law do not impact forfeiture.  *See United States v. Booker,* 543 U.S. 220, 258 (2005) (18 U.S.C. § 3554, the provision in the Sentencing Reform Act which requires the district court to enter an order of criminal forfeiture at sentencing, is "perfectly valid").  This is so because, as the United States Court of Appeals for the Second Circuit observed, *Booker* "prohibit[s] a judicial increase in punishment beyond a previously specified range; in criminal forfeiture, there is no previously specified range."  *United States v. Fruchter*, 411 F.3d 377, 383 (2d Cir. 2005) (holding that the Supreme Court's decisions in *Blakely* and *Booker* did not change the preponderance standard established in *Libretti*).  The United States Court of Appeals for the Eleventh Circuit has held that the preponderance standard applies to forfeiture proceedings and that forfeiture proceedings are outside the *Apprendi* analysis.  *United States v. Cabeza*, 258 F.3d 1256, 1257 (11th Cir. 2001) (per curiam) ("Because forfeiture is a punishment and not an element of the offense, it does not fall within the reach of *Apprendi*.").

6

Even where the jury right is invoked with regard to forfeiture of property, ultimately, it is the Court that orders the forfeiture. Thus, if a defendant seeks a jury determination on the specific property to be forfeited, the jury would be required to answer questions that would allow the Court to enter the order of forfeiture. *See United States v. Amend*, 791 F.2d 1120, 1128 (4th Cir.), *cert. denied*, 479 U.S. 930 (1986) (appellate court affirms method by which jury determined forfeitability; jury answered questions whether property acquired through criminal enterprise but trial court entered order of forfeiture); *United States v. L'Hoste,* 609 F.2d 796, 813-14 (5th Cir.), *cert. denied*, 449 U.S. 833 (1980) (forfeiture order is mandatory once jury determines essential factual issues required for forfeiture).

Because the jury resolves the factual elements necessary for a forfeiture order to be entered but the Court enters the order, the jury should not be advised of the ramifications of its decision, just as a jury is not advised of the ramifications of a verdict of guilt or innocence. Here, the portion of the Indictment entitled "Forfeiture" and the Amended Bill of Particulars merely provide the defendant with the required statutory notice that the United States seeks to forfeit her property in accordance with the applicable statute. *See* Fed. R. Crim. P. 32.2(a), *Advisory Committee Notes.* For the reasons stated above, the portion of the Indictment entitled "Forfeiture" should not be read to the jury, and the term "forfeiture" should not be mentioned to the jury, until after the issue of innocence

or guilt is decided. Hence, bifurcated proceedings are required. Fed. R. Crim. P. 32.2(b)(1).

Rule 32.2 further provides:

> If a party timely requests to have the jury determine forfeiture, the government must submit a proposed Special Verdict Form listing each property subject to forfeiture and asking the jury to determine whether the government has established the requisite nexus between the property and the offense committed by the defendant.

Fed. R. Crim. P. 32.2(b)(5)(B).

Should the defendant request a jury determination on the forfeiture of the specific assets, the United States asks that, in the second part of the jury's bifurcated deliberation, the Court issue its proposed jury instructions and special verdict forms, which provide interrogatories that will require the jury to determine the essential factual issues necessary for the Court to enter a forfeiture order.

### III. Conclusion

Should the defendant request a jury determination on the amount of proceeds she obtained as a result of her criminal activity, pursuant to Rule 32.2(b)(5), the United States asks that the Court deny the request, because there is no such right to a jury determination on that issue.

However, should the defendant timely request a jury determination on the forfeiture of the real properties pursuant to Rule 32.2(b)(5), the United States requests that the Court:

8

(1) instruct the jury on the issue of forfeiture only *after* the jury has returned a guilty verdict on Count One of the Indictment;

(2) allow jury instructions regarding property subject to forfeiture and burden of proof;

(3) allow bifurcated argument on the forfeiture issue; and

(4) provide the jury with the special verdict forms as proposed by the United States.

Respectfully Submitted,

MARIA CHAPA LOPEZ
United States Attorney

By:  *s/Anita M. Cream*
ANITA M. CREAM
Assistant United States Attorney
Florida Bar Number 56359
400 North Tampa St., Ste. 3200
Tampa, Florida 33602
(813) 274-6000 – telephone
(813) 274-6220 – facsimile
E-mail: anita.cream@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 27, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Charles D. Swift, Esquire
Fritz J. Scheller, Esquire
Linda G. Moreno, Esquire

*s/Anita M. Cream*
ANITA M. CREAM
Assistant United States Attorney