UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | Cause No. 6:17-cr-18-Orl-40KRS |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| NOOR ZAHI SALMAN | ) ) | |

Defendant.

**MOTION TO UNSEAL**

COMES NOW, the undersigned attorney for Defendant Noor Salman, and moves this Court to unseal Doc. 136, Defendant's Response to Government's Motion to Exclude Two Defense Witnesses, and the Transcript of Sealed Motion Hearing Re: Doc. 121, dated January 5, 2018.1 *See* Doc. 136. The Government has no objection to the unsealing of Doc. 136 and the transcript, and asks the government's Daubert Motion, Document 121, and attachments, likewise be unsealed.

The Government moved to seal its motion to preclude defense expert Dr. Frumkin on the grounds that it included confidential psychological and other private information of the Defendant in order to protect from public security sensitive information. Defendant Salman did not oppose the sealing of this information and subsequently filed its reply brief under seal. The defense did not oppose filing the motion under seal because the

---

1 The transcript was prepared separately at the Defendant's expense and has been filed separately under seal pending the Court's decision on this motion.

Court had yet to determine whether Dr. Fumkin's testimony was admissible at trial. Subsequent to the filings, the Court conducted a sealed Daubert hearing of Mr. Frumkin. At the conclusion of this hearing, the Court ruled that Dr. Frumkin's testimony met the criteria of reliability and relevance established by *Daubert v. Merrel Dow Pharms., Inc.* 509 U.S. 579 (1993).

As Dr. Fumkin's testimony is admissible at trial, unsealing is appropriate. The Defendant's interest in privacy is no longer a significant concern. Testimony concerning the Defendant's mental conditions is admissible at trial and will be offered by the Defendant in open court, and as such, dissemination of the information does not impair the Defendant or the Government's right to a fair trial.

Under Local rule 4.10(e), public dissemination is favored unless reasonable alternatives do not adequately protect the Defendant's right to a fair trial. The local rules make contingent the closure of hearings on motion "made or agreed by the defense." *L. R. 4.10(e)*. By and through this motion, the defense hereby withdraws its agreement to sealing of evidence related to the Defendant's mental health.

WHEREFORE the defendant, NOOR SALMAN, respectfully moves this Honorable Court to unseal Doc. 136, Defendant's Response to Government's Motion to Exclude Two Defense Witnesses, and the Transcript of Sealed Motion Hearing Re: Doc. 121, dated January 5, 2018, and the government requests that Document 121 and attachments likewise be unsealed.

Respectfully submitted this 27th day of February, 2018.

By: /s/ *Charles Swift*

Charles D. Swift, Pro Hac<br>
Attorney for Noor Salman<br>
833 E. Arapaho Rd., Suite 102<br>
Richardson, TX 75081<br>
(972) 914-2507<br>
cswift@clcma.org

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was sent by CM/ECF delivery on February 27, 2018, to all counsel or parties of record on the service list.

By: /s/ <i>Charles Swift</i><br>
Charles D. Swift, Pro Hac<br>
Attorney for Noor Salman<br>
833 E. Arapaho Rd., Suite 102<br>
Richardson, TX 75081<br>
(972) 914-2507<br>
cswift@clcma.org