UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                               CASE NO. 6:17-cr-18-Orl-40KRS

NOOR ZAHI SALMAN

### GOVERNMENT'S RESPONSE IN OPPOSITION TO A SPECIAL VERDICT FORM AND UNANIMITY INSTRUCTION REGARDING OBSTRUCTION

The defendant's requests for a special verdict form and unanimity regarding the charge of obstruction of justice, in violation of 18 U.S.C. § 1512(b)(3), should be denied. *See* Doc. 219 at 45-46 (Joint Proposed Jury Instructions); Doc. 220 at 2 (Joint Proposed Verdict Form). As set forth in the government's trial brief regarding aiding and abetting, Doc. 208, usually a jury need not "decide unanimously which of several possible sets of underlying brute facts make up a particular element, say, which of several possible means the defendant used to commit an element of the crime." *Richardson v. United States*, 526 U.S. 813, 817 (1999). This principle also applies to obstruction of justice under 18 U.S.C. § 1512. *United States v. Eaton*, 784 F.3d 298 (6th Cir. 2015).

The United States Supreme Court has held:

> [D]ifferent jurors may be persuaded by different pieces of evidence, even when they agree upon the bottom line. Plainly there is no general requirement that the jury reach

>agreement on the preliminary factual issues which underlie the verdict.

*Schad v. Arizona*, 501 U.S. 624, 631-32 (1991) (quoting *McKoy v. North Carolina*, 494 U.S. 433, 449 (1990) (Blackmum, J., concurring)); *see also United States v. Weiss*, 539 F. App'x 952, 956 (11th Cir. 2013) ("[J]urors need not unanimously agree on the underlying facts that make up a particular element of the offense, such as which of several possible means a defendant used to commit that element, so long as they unanimously agree that the government has proven the element beyond a reasonable doubt."); *see also United States v. Dawson*, 428 F. Appx. 933, 934 n. 1 (11th Cir. 2011). The following is an example given by the Supreme Court to illustrate these principles:

>Where, for example, an element of robbery is force or the threat of force, some jurors might concluded that the defendant used a knife to create the threat; others might conclude he used a gun. But that disagreement – a disagreement about means – would not matter as long as all 12 jurors unanimously concluded that the Government had proved the necessary related element, namely, that the defendant had threatened force.

*Richardson*, 526 U.S. at 817.

In *United States v. Eaton*, the Sixth Circuit applied these principles to a charge of obstruction of justice pursuant to 18 U.S.C. § 1512(b)(3) and held that unanimity is not required for a conviction. 784 F.3d 298 (6th Cir. 2015). The defendant argued that a special unanimity instruction was required because the

government presented two separate theories of witness tampering and evidence suppression. *Id.* at 308. The Court held that no unanimity instruction was required because the multiple theories of obstruction were an example of "'brute facts' underlying the third element of witness tampering under § 1512(b)(3), i.e., the 'information relating to the commission or possible commission of a Federal offense.'" *Id.* at 308-09. "Jurors could vote to convict Defendant based on his efforts to prevent the communication of either piece of information, or both." *Id.* at 309.

Further, the Court held that the statute does not pose any risk of "serious unfairness" if a unanimity instruction is not given. *Id.* (citing *Richardson*, 526 U.S. at 820). The misleading conduct was "sufficiently related and specific" as well, indicating that the specific facts at issue also did not pose a risk of unfairness. *Id.* The Court also relied on the fact that "the statute makes no distinction between discrete factual assertions or statements constituting the information at issue" and noted that the term "information" often encompasses multiple facts. *Id.*

Applied in this case, these principles establish that the jury only needs to determine whether the United States has proven beyond a reasonable doubt the elements of Count Two. The jury does not have to agree unanimously on which facts justify that result or on a specific act of misleading conduct. Nor

3

is there any serious risk of unfairness because all of the defendant's misleading conduct is related to the same series of events. [1]

In support of her position, the defendant cites *United States v. Thomas*, 612 F.3d 1107, 1130 (9th Cir. 2010), and *United States v. Ferrara*, 1984 U.S. App. Lexis 14241, 738 F.2d 440 (6th Cir. 1984). In *Thomas*, the defendant raised the issue of amendment of the indictment, not a special verdict form or unanimity instruction. 612 F.3d at 1129. Further, the government agreed to a special verdict form; thus, the Court provided no analysis of whether one was required. *Id.* at 1129-30; *see also Weiss*, 539 F. App'x at 956 (rejecting the defendant's reliance on a case that "held only that the district court did not err in giving the special unanimity instruction [but did not] consider whether the failure to give such an instruction would violate the Sixth Amendment"). Rather than in *Thomas*, the Ninth Circuit's position on unanimity is set forth in *United States v. Kim*, 196 F.3d 1079 (1999), holding as to an aiding and abetting charge that "jurors are not constitutionally required to unanimously agree on alternative

---

[1] Even assuming *arguendo* that the jury were required to agree unanimously on a particular obstruction theory, the Court could simply provide a unanimity instruction and need not include a special interrogatory in the verdict form on this point. *See United States v. Griffin*, 705 F.2d 434, 437 (11th Cir. 1983) ("Special verdicts in criminal jury trials are generally disfavored."); *United States v. Russo*, 166 F. App'x 654, 660–61 (3d Cir. 2006) (holding that "special verdict sheets are generally disfavored in criminal trials" and that typically "a general unanimity instruction will suffice").

theories of criminal liability. . . . All that was necessary was a unanimous decision that Kim knowingly and intentionally helped Park . . . ." *Id.* at 1083.

Similarly, *Ferrara* does not address whether a unanimity instruction was constitutionally required and only sets forth the holding that giving one was not error. 1984 U.S. App. Lexis 14241, at *3. Instead, *Eaton*, cited above, provides the Sixth Circuit's position that a unanimity instruction need not be given in the context of the same charge that is at issue in this case.

                                                    Respectfully submitted,

                                                    MARIA CHAPA LOPEZ
                                                    United States Attorney

By:

| *s/ James D. Mandolfo* | *s/ Sara C. Sweeney* |
|---|---|
| James D. Mandolfo | Sara C. Sweeney |
| Assistant United States Attorney | Assistant United States Attorney |
| Florida Bar No. 96044 | USA No. 119 |
| 400 N. Tampa Street, Ste. 3200 | 400 W. Washington Street, Ste. 3100 |
| Tampa, Florida 33602 | Orlando, Florida 32801 |
| Telephone: (813) 274-6000 | Telephone: (407) 648-7500 |
| Facsimile: (813) 274-6358 | Facsimile: (407) 648-7643 |
| E-mail: James.Mandolfo@usdoj.gov | E-mail: Sara.Sweeney@usdoj.gov |

**U.S. v. NOOR ZAHI SALMAN**  Case No. 6:17-cr-18-Orl-40KRS

**CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Charles D. Swift, Esquire (counsel for Defendant)
Linda Moreno, Esquire (counsel for Defendant)
Fritz Scheller, Esquire (counsel for Defendant)

*s/ Sara C. Sweeney*
Sara C. Sweeney
Assistant United States Attorney
USA No. 119
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7500
Facsimile: (407) 648-7643
E-mail: Sara.Sweeney@usdoj.gov