1

```
 1              UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
 2                   ORLANDO DIVISION

 3   - - - - - - - - - - - - - - -X
       UNITED STATES OF AMERICA,    :
 4                                  :
                                    :
 5          Plaintiff,              : Case No.:
                                    : 6:17-cr-18-Orl-40KRS
 6     vs.                          :
                                    :
 7     NOOR ZAHI SALMAN,            : Orlando, Florida
                                    : March 28, 2018
 8                                  :
            Defendant.              : EXCERPT OF PROCEEDINGS
 9                                  : CLOSING ARGUMENTS EXCLUDED
                                    :
10   - - - - - - - - - - - - - - -X

11              TRANSCRIPT OF TRIAL VOLUME 18 OF 20
             BEFORE THE HONORABLE PAUL G. BYRON
12                UNITED STATES DISTRICT JUDGE

13

14   APPEARANCES:

15     Counsel for Plaintiff:        Sara Sweeney
                                     James Mandolfo
16                                   Roger Handberg

17     Counsel for Defendant:        Fritz Scheller
                                     Charles Swift
18                                   Linda Moreno

19

20
     Proceedings recorded by mechanical stenography.
21   Transcript produced by computer-aided transcription.

22
     Court Reporter:   Suzanne L. Trimble, CCR, CRR, RPR
23                     Federal Official Court Reporter
                       401 West Central Boulevard, Suite 4600
24                     Orlando, Florida 32801
                       e-mail: trimblecourtreporter@gmail.com
25
```

*2*

# T A B L E   O F   C O N T E N T S

<u>PROCEEDINGS</u>                                                    <u>PAGE</u>

EXCERPT OF PROCEEDINGS
March 28, 2018


<u>OTHER</u>

Colloquy.............................................3
Jury Instructions................................. 4
Colloquy Re: Jury Question......................... 26
Colloquy Re: Jury Question......................... 31

*3*

1           P R O C E E D I N G S

2           THE COURT:  Good morning, ladies and gentlemen.

3   Before we start with closing arguments, I just want to cover

4   one issue.  When the defense rested their case yesterday,

5   there was no discussion regarding Ms. Salman's right to

6   testify.

7           I know you discussed it with her.  She made a

8   knowing election.  I need to confer that Ms. Salman had the

9   right to testify if she wanted to and is waiving that right.

10          MS. MORENO:  The Court wishes to conduct an

11  on-the-record colloquy?

12          THE COURT:  Yes.

13          Ms. Salman, it's incumbent upon me to make sure that

14  you're well aware of the fact -- I'm sure your attorneys have

15  discussed this with you.  You have the right to testify in

16  your trial, if you would like to do so.  You're under no

17  obligation.  As you heard me tell the jurors during jury

18  selection, they may not consider the right to testify.

19          Have you discussed this election with your

20  attorneys?

21          THE DEFENDANT:  Yes.

22          THE COURT:  All right.  Is it your decision not to

23  testify?

24          THE DEFENDANT:  Yes.

25          THE COURT:  All right.  Thank you, ma'am.  You may

*4*

1  be seated.

2          Is there anything by either side before we call the

3  jury in?

4          MS. SWEENEY:  No, Your Honor.  Thank you.

5          MS. MORENO:  No, Your Honor.

6          THE COURT:  Thank you.  Would you bring in the jury,

7  please?

8          COURTROOM SECURITY OFFICER:  All rise for the jury.

9          (The jury entered the courtroom at 9:05 a.m.)

10          COURTROOM SECURITY OFFICER:  Please be seated.

11          THE COURT:  The record should reflect the jury is

12  present, as are the parties and Ms. Salman.

13          Good morning, ladies and gentlemen.

14          JURY:  Good morning.

15          THE COURT:  Welcome back.  I need to inquire again

16  before we start the closing arguments.  Have any of you seen,

17  heard, or read anything about this case in the news?  If so,

18  please raise your hand.  There are no affirmative responses.

19  We're ready to go.

20          Ms. Sweeney, are you speaking for the government?

21          MS. SWEENEY:  Yes, Your Honor.

22          THE COURT:  Then you may proceed when you're ready.

23          (Closing arguments excluded, per request.)

24          THE COURT:  Thank you, ma'am.

25          As I indicated before the start of the trial, I will

1 give you instructions on the law.  To make it easy to follow,

2 I'll have them placed on the monitor so you can follow.  I'll

3 read them to you.  And you'll have copies to take back to

4 deliberation.

5       Members of the jury, it's my duty to instruct you on

6 the rules of law that you must use in deciding this case.

7 After I've completed these instructions, you'll go to the jury

8 room and begin your discussions, which we call deliberations.

9 You must decide whether the government has proved the specific

10 facts necessary to find Ms. Salman guilty beyond a reasonable

11 doubt.

12       Your decision must be based only on the evidence

13 presented during the trial.  You must not be influenced in any

14 way by either sympathy for or prejudice against Ms. Salman or

15 the government.

16       You must follow my instructions on the law as I

17 explain it, even if you do not agree with the law.  You must

18 follow all of my instructions as a whole.  You must not single

19 out or disregard any of my instructions to you on the law.

20       As I mentioned before, the indictment or formal

21 charge against the defendant is not evidence of guilt.  The

22 law presumes every defendant is innocent.

23       Ms. Salman does not have to prove her innocence or

24 produce any evidence at all.

25       The defendant does not have to testify, and if

*6*

1  Ms. Salman chose not to testify, you cannot consider that in

2  any way while making your decision.

3      The government must prove guilt beyond a reasonable

4  doubt.  If it fails to do so, you must find Ms. Salman not

5  guilty.

6      The government's burden of proof is heavy, but it

7  doesn't have to prove a defendant's guilt beyond all possible

8  doubt.  The government's burden only has to exclude any

9  reasonable doubt concerning Ms. Salman's guilt.

10      A reasonable doubt is a real doubt based on your

11  reason and common sense after you've carefully and impartially

12  considered all of the evidence in the case.

13      Proof beyond a reasonable doubt is proof so

14  convincing that you would be willing to rely and act on it

15  without hesitation in the most important of your own affairs.

16      If you are convinced that Ms. Salman has been proved

17  guilty beyond a reasonable doubt, say so.  If you are not

18  convinced, say so.

19      As I have said before, you must consider only the

20  evidence that I have admitted in the case.  Evidence includes

21  the testimony of witnesses and the exhibits that have been

22  admitted.  But anything the lawyers say is not evidence and is

23  not binding on you.

24      You should not assume from anything that I've said

25  that I have any opinion about any factual issue in this case.

7

1    Except for my instructions to you on the law, you should

2    disregard anything I may have said during the trial in

3    arriving at your own decision concerning the facts.  Your own

4    recollection and interpretation of the evidence is what

5    matters.

6            In considering the evidence you may use reasoning

7    and common sense to make deductions and reach conclusions.

8            You shouldn't be concerned about whether evidence is

9    direct or circumstantial.

10           Direct evidence is the testimony of a person who

11   asserts that he or she has actual knowledge of a fact, such as

12   an eyewitness.  Circumstantial evidence is proof of a chain of

13   facts and circumstances that tend to prove or disprove a fact.

14   There's no legal difference in the weight you may give to

15   either direct or circumstantial evidence.

16           Now, when I say you must consider all of the

17   evidence, I do not mean that you must accept all of the

18   evidence as true or accurate.  You should decide whether you

19   believe what each witness had to say and how important that

20   testimony was.  In making that decision, you may believe or

21   disbelief any witness, in whole or in part.  The number of

22   witnesses testifying concerning a particular point does not

23   necessarily matter.

24           To decide whether you believe any witness, I suggest

25   that you ask yourself a few questions.

1    Did the witness impress you as one who was telling
2    the truth?

3    Did the witness have any particular reason not to
4    tell the truth?

5    Did the witness have a personal interest in the
6    outcome of the case?

7    Did the witness seem to have a good memory?

8    Did the witness have the opportunity and ability to
9    accurately observe the things he or she testified about?

10   Did the witness appear to understand the questions
11   clearly and answer them directly?

12   Did the witness' testimony differ from other
13   testimony or other evidence?

14   You should also ask yourself whether there was
15   evidence that a witness testified falsely about an important
16   fact and ask yourself whether there was evidence that at some
17   other time a witness said or did something or didn't say or do
18   something that was different from the testimony the witness
19   gave during the trial.

20   But keep in mind that a simple mistake does not mean
21   a witness wasn't telling the truth as he or she remembers it.
22   People naturally tend to forget some things or remember them
23   inaccurately.

24   So if a witness misstated something, you must decide
25   whether it was because of an innocent lapse in memory or an

1   intentional deception.  The significance of your decision may

2   depend on whether the misstatement is about an important fact

3   or about an unimportant detail.

4          When scientific, technical, or other specialized

5   knowledge might be helpful, a person who has specialized

6   training or experience in that field is allowed to state an

7   opinion about the matter.  But that does not mean you must

8   accept the witness' opinion.  As with any other witness'

9   testimony, you must decide for yourself whether to rely upon

10  the opinion.

11         If the government offers evidence that Ms. Salman

12  made a statement or admission to a law enforcement officer,

13  you must consider that evidence with caution and great care.

14  You must decide for yourself, one, whether Ms. Salman made the

15  statement, and, two, if so, how much weight to give to it.  To

16  make these decisions you must consider all of the evidence

17  about the statement, including the circumstances under which

18  it was made.

19         In determining whether any such statement is

20  reliable and credible, consider factors bearing on the

21  voluntariness of the statement.  For example, consider the

22  age, gender, training, education, occupation, and physical and

23  mental condition of Ms. Salman and any evidence concerning her

24  treatment while being questioned, if the statement was made in

25  response to questioning by government officials, and all of

1  the other circumstances in evidence surrounding the making of

2  the statement.

3       After considering all of this evidence, you may give

4  such weight to any of the statements given as you feel they

5  deserve under all of the circumstances.

6       You have been permitted to take notes during the

7  trial, and most of you, perhaps all of you, have taken

8  advantage of that opportunity.  You must use your notes only

9  as a memory aid during deliberations.  You must not give your

10  notes priority over your independent recollection of the

11  evidence.  And you must not allow yourself to be unduly

12  influenced by the notes of other jurors.

13       I emphasize that notes are not entitled to any

14  greater weight than your memory or impressions about the

15  testimony.

16       The Indictment charges two crimes called counts

17  against Ms. Salman.  Each count has a number.  You will be

18  given a copy of the Indictment to refer to during your

19  deliberations.

20       Count 1 of the Indictment charges Ms. Salman with

21  aiding and abetting the attempted provision and provision of

22  material support to a foreign terrorist organization.

23       Count 2 of the Indictment charges that Ms. Salman

24  obstructed justice.

25       I'm gonna talk first about Count 1.  It is a federal

1    crime for anyone to knowingly aid and abet in providing or

2    attempting to provide material support or resources to a

3    foreign terrorist organization, knowing that the organization

4    is a designated terrorist organization or has engaged or

5    engages in terrorism.

6            Ms. Salman can be found guilty of this crime only if

7    all of the other facts -- all of the following facts, rather,

8    are proved beyond a reasonable doubt:

9            First, Omar Mateen knowingly provided or attempted

10   to provide material support or resources to the Islamic State

11   of Iraq and the Levant.

12           Second, Ms. Salman knowingly aided and abetted Omar

13   Mateen in the providing or attempting to provide material

14   support or resources to the Islamic State of Iraq and the

15   Levant.

16           Third, Ms. Salman did so knowing that the Islamic

17   State of Iraq and the Levant was a designated terrorist

18   organization or engaged or engages in terrorist activity or

19   engages or engaged in terrorism.

20           Fourth, one of the jurisdictional requirements have

21   been met.

22           Fifth, if you find Ms. Salman guilty of Count 1, you

23   must then determine whether the government has proved beyond a

24   reasonable doubt that death resulted from the provision or

25   attempted provision of material support.

1    I will now give you additional instructions on each

2  of these elements.  So what I just read to you is an overview

3  of the five elements.  Now we'll talk about each one

4  individually.

5    As to the first element, in order to find Ms. Salman

6  guilty of Count 1, you must find that Omar Mateen provided or

7  attempted to provide material support or resources to the

8  Islamic State of Iraq and Levant.  You can find that Omar

9  Mateen provided or attempted to provide material support or

10  resources to the Islamic State if the government proves the

11  following elements:

12    First, Omar Mateen knowingly intended to commit the

13  crime of providing material support or resources to the

14  Islamic State of Iraq and Levant, and, second, Omar Mateen's

15  intent was strongly corroborated by his taking a substantial

16  step toward committing the crime.

17    A substantial step is an important act or action

18  leading up to committing of the offense, not just an

19  inconsequential act.  It must be more than simply preparing.

20  It must be an act that normally would result in committing the

21  offense.

22    The term "material support or resources" means any

23  personnel, one or more persons, which may include one's self

24  or services.

25    The term "personnel" means one or more persons,

1   which can include Omar Mateen himself.  The provision of

2   personnel is unlawful if the personnel are provided to work

3   under the terrorist organizations's direction or control.

4        The attempted provision of personnel is unlawful if

5   the person intended and attempted to provide personnel to work

6   under the terrorist organization's direction or control.

7        The term "services" means the performance of work

8   commanded or paid for by another or an act done for the

9   benefit or at the command of another.

10       Individuals who act entirely independently of a

11  foreign terrorist organization to advance its goals or

12  objectives are not considered to be working under the

13  terrorist organization's direction and control.

14       If you find that Omar Mateen acted entirely

15  independently to advance the Islamic State of Iraq and the

16  Levant's goals in conducting his attack on the Pulse

17  nightclub, you must find Ms. Salman not guilty of aiding and

18  abetting his attack.

19       Let's turn now to the second element.  In order to

20  find Ms. Salman guilty of Count 1, you must also find that she

21  knowingly aided and abetted Omar Mateen in providing or

22  attempting to provide material support or resources to the

23  Islamic State of Iraq and the Levant.  It is possible to prove

24  Ms. Salman guilty of a crime even without evidence that

25  Ms. Salman personally performed every act charged.

1        Ordinarily any act a person can do -- pardon me.

2        Ordinarily any act a person can do may be done by

3   directing another person or agent, or it may be done by acting

4   with or under the direction of others.  A defendant is

5   criminally responsible for the acts of another person, if the

6   defendant aids and abets the other person.

7        A defendant aids and abets a person if the defendant

8   intentionally joins with the person to commit a crime.  A

9   defendant can aid and abet another through words, action,

10  encouragement, or support, even if that aid relates to only

11  one or some of the crimes, phases, or elements.

12       Finding that a defendant is criminally responsible

13  for the acts of another person requires proof that the

14  defendant intentionally associated with or participated in the

15  crime, not just proof that the defendant was simply present at

16  the scene of a crime or knew about it.

17       In other words, you must find beyond a reasonable

18  doubt that Ms. Salman was a willful participant and not merely

19  a knowing spectator.  To find that Ms. Salman aided and

20  abetted Omar Mateen, you must find that Ms. Salman intended to

21  aid in the commission of the offense of the provision or

22  attempted provision of material support to ISIS.

23       We turn now to the third element of Count 1.  In

24  order to find Ms. Salman guilty of Count 1, you must also find

25  that she knew that the Islamic State of Iraq and the Levant

1   was a designated terrorist organization or engaged or engages

2   in terrorist activity or engaged or engages in terrorism.

3          The term "designated terrorist organization" means

4   an organization designated by the Secretary of State as a

5   foreign terrorist organization as provided in Title 8 of the

6   United States, Code Section 1189.  The Islamic State of Iraq

7   and the Levant is a designated terrorist organization.

8          The term "engages in terrorist activity" means,

9   among other things, to commit terrorist activity, which

10  includes, one, seizing and threatening to kill or injure any

11  individual to compel a governmental organization or someone

12  else or to do or abstain from doing an act.  Or, two, using or

13  threatening to use an explosive, firearm, or other weapon or

14  dangerous device with the intent to endanger directly or

15  indirectly the safety of one or more individuals.

16         The activity must be unlawful under the laws of the

17  place where it is committed or if it had been committed in the

18  United States, would be unlawful under the laws of the United

19  States or any state.

20         The term "terrorism" means premeditated politically

21  motivated violence perpetrated against noncombatant targets by

22  subnational groups or clandestine agents.

23         The fourth element of Count 1, the government must

24  prove beyond a reasonable doubt that at least one of the

25  following jurisdictional elements have been satisfied:

1       One, Ms. Salman is a national of the United States;

2   two, the offense occurred in whole or in part within the

3   United States; or, three, the defendant aided and abetted any

4   person who was a national of the United States.

5       The term "national of the United States" means

6   citizen of the United States or a person who though not a

7   citizen of the United States owes permanent allegiance to the

8   United States.

9       Fifth element, if you find the government has proved

10  elements 1 through 4 beyond a reasonable doubt, then you have

11  found Ms. Salman guilty of Count 1.  If you so find, you must

12  then consider whether the government has proven beyond a

13  reasonable doubt that death resulted from the provision or

14  attempted provision of material support.

15      Let's turn now from Count 1 to Count 2.  That's the

16  obstruction count.

17      It is a federal crime for anyone to obstruct justice

18  by engaging in misleading conduct to hinder the communication

19  of information regarding the commission of a federal offense

20  to federal law enforcement officers or judges.

21      Ms. Salman can be found guilty of this crime only if

22  all of the following facts are proved beyond a reasonable

23  doubt:

24      One, Ms. Salman knowingly engaged in misleading

25  conduct towards another person.  Two, Ms. Salman acted with

intent to hinder, delay, or prevent the communication of

information to a federal law enforcement officer or judge of

the United States.  And three, such information related to the

commission or possible commission of a federal offense.

The term "misleading conduct" means any one of the

following:

One, knowingly making a misleading statement; or,

two, intentionally omitting information from a statement and

thereby causing a portion of such statement to be misleading

or intentionally concealing a material fact, and, thereby,

creating a false impression by such a statement.

As to Ms. Salman's intent to hinder, delay, or

prevent the communication of information to federal officials,

the government must show that the communication of the

information to a federal official was reasonably likely.

The government does not need to prove Ms. Salman

knew the offense was a federal crime.

I'm now going to talk to you about venue as relates

to obstruction of justice.  You'll see this is a little

different than some of the instructions you've received.

The government must prove by preponderance of the

evidence that there is venue in the Middle District of Florida

for the obstruction of justice charge against Ms. Salman.  To

show venue the government must prove by preponderance of the

evidence that Ms. Salman intended to affect an official

1   proceeding in the Middle District of Florida, whether or not

2   pending or about to be instituted.

3         Unlike all of the other elements that I have

4   described, this is a fact that the government only has to

5   prove by preponderance of the evidence.  This means that the

6   government has to convince you that it is more likely than not

7   that venue has been established.

8         Please remember that all of the other elements I

9   have described must be proved beyond a reasonable doubt.

10        As used here, an "official proceeding" means a

11  proceeding before a judge or the court of the United States or

12  federal grand jury.

13        Just to reiterate, every element of both of these

14  offenses that I've discussed with you before, proof is beyond

15  a reasonable doubt.

16        Venue, this particular instruction, is by

17  preponderance.  This is the only one where the burden is

18  reduced from beyond a reasonable doubt.

19        You'll see the Indictment charges that a crime was

20  committed on or about a certain date.  The government does not

21  have to prove that the offense occurred on an exact date.  The

22  government only has to prove beyond a reasonable doubt that

23  the crime was committed on a date reasonably close to the date

24  alleged.

25        The word "knowingly" means that the act was done

1    voluntarily and intentionally and not because of mistake or by

2    accident.

3            Each count of the Indictment charges a separate

4    crime.  You must consider each crime and the evidence relating

5    to it separately.  If you find Ms. Salman guilty or not guilty

6    of one crime, you must not let that affect your verdict as to

7    any other crime.

8            I caution you that Ms. Salman is on trial only for

9    the specific crimes charged in the Indictment.  You're here to

10   determine from the evidence in the case whether Ms. Salman is

11   guilty or not guilty of those specific crimes.

12           You must never consider punishment in any way to

13   decide whether Ms. Salman is guilty.  If you find Ms. Salman

14   guilty, the punishment is for me to decide alone at another

15   date.

16           Your verdict, whether it's guilty or not guilty,

17   must be unanimous.  In other words, you must all agree.  Your

18   deliberations are secret.  You will never have to explain your

19   verdict to anyone.

20           Each of you must decide the case for yourself but

21   only after fully considering the evidence with the other

22   jurors.  So you must discuss the case with one another and try

23   to reach an agreement.

24           While you are discussing the case do not hesitate to

25   re-examine your own opinion and change your mind, if you

1   become convinced that you were wrong, but do not give up your

2   honest beliefs just because others think differently from you

3   or you simply want to get the case over with.

4          Remember, ladies and gentlemen, you here are judges,

5   and you're judging the facts.  Your only interest is to seek

6   the truth from the evidence in this case.

7          When you go back to the jury room, you will choose

8   one of your members to act as your foreperson.  The foreperson

9   will direct your deliberations and will speak for you in

10  court.

11         Now I want to go over the verdict form with you

12  briefly, and we'll come back to this instruction.

13         You've heard this discussed in the closing

14  arguments, but the verdict form is broken down by the two

15  different counts.  For example, on the page in front of you,

16  Count 1 of the Indictment is broken down into question 1(a),

17  1(b), 1(c).  1(a) asks as to Count 1 of the Indictment, aiding

18  and abetting the provision of material support to a foreign

19  terrorist organization in violation of Title 18 of the United

20  States Codes, Section 2339B(a)(1), We, the jury, find the

21  defendant Noor Zahi Salman, and there's a space for either

22  guilty or not guilty.  If you reach a unanimous decision, and

23  your decision must be unanimous, you'll check guilty or not

24  guilty as reflects your unanimous decision.

25         You'll see an instruction under 1(a), which reads,

1  If you find the defendant guilty in response to this question,

2  please skip question 1(b) and proceed to question 1(c).  If

3  you find the defendant not guilty in response to this

4  question, please proceed to question 1(b).

5          Let's put 1(b) up, please.

6          1(b) asks a different question than 1(a).  1(a)

7  asked whether or not Ms. Salman aided and abetted the

8  provision of material support to a foreign terrorist

9  organization.  1(b), as you'll see here, states as to the

10 offense of aiding and abetting the attempted provision of

11 material support to a terrorist organization in violation of

12 18 U.S.C., 2339B(a)(1), We, the jury, find the defendant

13 guilty or not guilty.

14          Then you'll see further instructions to skip down to

15 1(c), if appropriate.

16          If you answer not guilty to 1(a) and 1(b),

17 obviously, you don't need to answer 1(c).

18          Then you will turn, finally, to page 3, which is

19 Count 2 of the Indictment, obstruction of justice.  As to the

20 offense of obstruction of justice in violation of 18 U.S.C.,

21 Section 1512(b)(3), We, the jury, find the defendant, again,

22 guilty or not guilty, based upon your verdict.

23          Once a decision has been reached, the verdict form

24 is dated and signed by the foreperson.  It will then be

25 brought back into the courtroom, and you'll let Mel, the court

1    security officer, know that you have it.  He'll hand it to me.

2    I'll ensure it's in proper format before I publish it.

3         If at any time you wish to communicate with me

4    during your deliberations, please write your message or

5    question down on a piece of paper and hand it to the court

6    security officer.  The process would be to write the question

7    down, if you have one.  The foreperson would sign it.  The

8    question will be given to me, and I'll respond to you as

9    quickly as possible.

10        It is my custom, of course, to advise the parties of

11   the question.  I'll formulate a response, type it up, send it

12   back to you.  So please be patient while I go through that

13   process.

14        I caution you while you submit a question, if you

15   have a numerical division between you, do not disclose that.

16   Simply write the question down, sign it, and I'll respond to

17   it.

18        As I mentioned before, a transcript of the

19   proceedings is not available, but all of the other physical

20   evidence that's been introduced is available for your review

21   and consideration.

22        That concludes my instructions.  Are there any

23   objections to the instructions or the manner in which I have

24   given, other than previously resolved in the charge

25   conference?

1      MS. SWEENEY:  No, Your Honor.

2      MR. SCHELLER:  No, sir.

3      THE COURT:  Ladies and gentlemen, as you know, six

4  of our members are alternates in this case.  In a criminal

5  case there are 12 members that serve to conclusion.  The 12

6  members are the ones that must be unanimous.  That's driven by

7  statute.

8      I, as all of my colleagues on the bench, we empanel

9  alternate jurors who serve a vital function.  It is not

10  uncommon during a trial to have a primary juror, if you will,

11  become unable to serve for whatever reason -- they become ill;

12  they have a family member who has an emergency; and they step

13  down.

14      I've had trials where we've used all of the

15  alternates to fill those seats.  Here, so far, we have not had

16  that occur.  I say "so far" because deliberations are not

17  over.

18      I'm going to identify, just by number, the alternate

19  jurors.  When the jury steps away for deliberations, you'll

20  stay behind and be escorted back down to the jury assembly

21  room, and the marshals will transport you back to your

22  vehicles.

23      I would encourage you of a few things, if I can.

24  First off, please avoid watching the news or listening to news

25  reports about the case.  If a member of the jury becomes ill

1   during deliberations or has a family emergency and can no

2   longer continue, the next person who is an alternate comes in.

3   That is, simply they would restart the discussion of

4   deliberations, and you would step in.

5          If you watched the news or started discussing what

6   you've seen or heard, you're now more of a witness than juror,

7   and you're not qualified to participate.  Certainly, we'll

8   notify each of the alternates once the case is completely

9   resolved, so you can resume your normal life in terms of media

10  coverage, watching the news or avoiding the news.

11         There should not be any opportunity for anyone to

12  contact you, since we've been proceeding by number and not

13  name.  That should remain in effect.

14         On the top row, the very top row, the alternates are

15  Juror No. 5, so fifth seat over.  One, two, three, four, five,

16  that's you, ma'am.  And Juror No. 8, second row.  That's you.

17  You are the two alternates.

18         On the front row, we have Juror No. 16, that's you,

19  ma'am, and then third over, and then we have starting from the

20  right as I'm facing you all, 11, 12, and 13.  Not the first

21  lady on the first row, but the next three to your right.

22         All right.  So we have, by show of hands, on the top

23  row, if you believe you're an alternate, please raise your

24  hand for me.  Thank you.

25         On the bottom row, same procedure, please if you can

1    raise your hand for me.  Yes.

2         Let me tell you this:  I know everyone who sat

3    through the trial has been enormously attentive.  All of us

4    have watched you work, listen, and be engaged and take notes

5    and be focused.  We owe you a debt.  It's a real sacrifice to

6    serve as an alternate.  We are grateful to you.  We all are.

7         With that, we'll be in recess while you are in

8    deliberations.  The six alternates will be taken downstairs.

9    There will be further instructions for you, and then you'll be

10   transported from there.

11        Thank you all, ladies and gentlemen.

12        COURTROOM SECURITY OFFICER:  All rise for the jury.

13   (The jury retired from the courtroom at 1:42 p.m.)

14        THE COURT:  The jury has withdrawn.  Please stay

15   nearby.  It's only 1:42, so we have some time.  I'll keep them

16   here until about 5:00 today.  And then, if they haven't

17   completed their work, obviously, they'll come back at 9:00 in

18   the morning.

19        For those of you who leave during the evening,

20   meaning counsel who don't have offices in the building or

21   adjacent building, that's defense counsel, in the morning you

22   can feel free to be on call so that we can notify you by

23   telephone if there's a question or verdict, as opposed to

24   being here.  Certainly, you're welcome to be here, obviously.

25   There's the ability to check in remotely, so you can attend to

1   other matters.

2          MS. MORENO:  Your Honor, just for calculation

3   purposes, how much of a lead time, if there is a verdict?  How

4   much time would we have to get here, if we're back at the

5   hotel or --

6          THE COURT:  No more than 30 minutes.

7          MS. MORENO:  Oh, that's plenty of time.

8          THE COURT:  I won't start without you, Ms. Moreno.

9   Thank you all very much.

10         MR. SWIFT:  One other question, Your Honor.

11         THE COURT:  Yes, sir.

12         MR. SWIFT:  Are they going to deliberate on Fridays?

13         THE COURT:  Yes, sir.  Yes.  That was only for trial

14  purposes so I could deal with other cases.  I have a full day

15  on Friday, but that doesn't affect their ability to

16  deliberate.

17         MR. SWIFT:  Yes.

18         THE COURT:  Okay.  Thank you.

19         (Recess at 1:43 p.m., until 3:41 p.m.)

20         THE COURT:  All right.  We have a question from the

21  jury.  I'll read the question, and then I'll tell you what my

22  proposed answer is.

23         The question is this:  *On page 14,* referring to the

24  instructions, *last paragraph, does, "acted entirely*

25  *independently," mean he acted independently of direction or*

1 *control of Islamic State?*

2       The second question is, *Is there an index to the*

3 *exhibits with a brief description so we can locate the*

4 *appropriate exhibit?*

5       Here's my proposed response:  First off, I went back

6 to the instructions and reviewed them.  Page 14 is the first

7 element of Count 1, which clearly refers to acted

8 independently as being independent of control.  So my response

9 is, *With respect to your first question, the words, "acted*

10 *entirely independently to advance the Islamic State of Iraq*

11 *and Levant's goal," as used in Count 1, first element, means*

12 *to act independent of the direction and control of ISIS.*  That

13 is what the instruction says.

14       Any objection to me instructing them in that regard,

15 acted independently means acted independently of direction and

16 control?

17       MS. SWEENEY:  I just would ask the word *entirely* be

18 in both.  So acted entirely independently in the first part

19 means acted entirely independently of direction and control.

20       THE COURT:  All right.  So the question is, page 14

21 of the instructions, does acted entirely independently mean he

22 acted independently of direction and control of the Islamic

23 State?

24       Let me double check this very quickly.  All right.

25 Yes.  So I'll insert the word *entirely*.  It should be with

1  respect to the first question, the words acted entirely

2  independently to advance the Islamic State of Iraq and

3  Levant's goals, as used in Count 1, first element, means to

4  act entirely independently of the direction and control of

5  ISIS.

6           MR. SWIFT:  May I be heard on this, Your Honor?

7           THE COURT:  This is what the instruction says.

8           MR. SCHELLER:  Your Honor, could I have one moment

9  to look at the instructions?

10           THE COURT:  Secondly, of course, I'm not going to

11  give them an exhibit list.  The exhibits lists have material

12  that hasn't been admitted.  I'm not creating evidence for the

13  jury.  They have the exhibits.  They'll have to go through

14  them.  I'm not in the habit of giving lists to the jury.  Then

15  they're gonna ask, Why wasn't Exhibit 45 part I not

16  introduced?  And we're not going to start creating one at this

17  hour.

18           MR. SCHELLER:  Your Honor, could you read that one

19  more time?

20           THE COURT:  Sure.

21           MR. SCHELLER:  I apologize.

22           THE COURT:  If you look at page 14 of the

23  instruction.

24           MR. SCHELLER:  I did, yes.

25           THE COURT:  We all know acted entirely independently

1   means of control or direction; otherwise, it has no meaning.

2   So the response -- let me read the question back.  The

3   question is, *On page 14, last paragraph, does acted entirely*

4   *independently -- does it mean he acted independently of*

5   *direction or control of Islamic State?*  I could answer that

6   yes.  But I think probably the smarter way is to say, *With*

7   *respect to your first question, the words acted "entirely*

8   *independently to advance the Islamic State of Iraq and*

9   *Levant's goals," as used in Count 1, first element, means*

10  *acted entirely independently of the direction and control of*

11  *ISIS.*

12          Anyone disagree?

13          MR. SWIFT:  Well, I'm concerned.  It may be it's --

14  the jury instructions are in, but I believe the definition is

15  acted independently, from the statute.

16          THE COURT:  We have the instruction, right?  The

17  instruction has been read.

18          MR. SWIFT:  Yes, Your Honor.

19          THE COURT:  So the question is, in the instruction

20  we gave them, does acted entirely independently mean of their

21  control?

22          MR. SWIFT:  Yes.

23          THE COURT:  Direction and control.  I can't imagine

24  what else it means to be independent of, since you have to act

25  under their direction and control to commit the offense, you

1   know, it's one of the elements, then, obviously, acting

2   entirely independently means of their control or direction,

3   not something else.

4           So what am I missing here?  Am I correct?  Does

5   everyone agree with that analysis?

6           MS. SWEENEY:  Yes, Your Honor, one more small change

7   that we would request.

8           THE COURT:  Sure.

9           MS. SWEENEY:  At the end of the answer when you say

10  *acted entirely independent of direction or control*, just to

11  mirror.

12          THE COURT:  That's what I said.

13          MS. SWEENEY:  You did?  I'm sorry.  I wrote it down

14  wrong.

15          THE COURT:  I may have said that *and*, but I wrote

16  it, *direction or control of ISIS*.  Okay.  So I will correct

17  that one response to mirror their question, acted entirely

18  independently means -- of direction or control.  I'll make

19  sure I echo that properly.

20          And then let them know with respect to the second

21  question, I'm unable to provide them with an index of the

22  exhibits admitted during trial.

23          Okay.  Let me get that put together, and I'll send

24  it back to them.

25          The question will be -- what's the next court's

1  exhibit?

2          THE COURTROOM DEPUTY:  It will be 4.

3          THE COURT:  Question will be 4.  The answer will be

4  5.  I'm gonna change the answer.  Here are the questions plus

5  the copy.  I'll bring that back.

6          Folks, please stay nearby.

7          MR. SCHELLER:  I'm sorry.

8          THE COURT:  This may not be the last question.  So

9  stay in the building until 5:00.

10          MR. SCHELLER:  We will, sir.

11          THE COURT:  Thank you.

12           (Recess at 3:47 p.m., until 4:12 p.m.)

13          THE COURT:  Record should reflect the parties are

14  present; the jury is absent.

15          We have another question.  It's a request more than

16  a question.  May we please have a copy of Government's

17  Exhibits 1A, 1B, 1C, obviously the statement.  I've taken the

18  liberty of printing 12 copies of each and labeling them 1A, B,

19  and C, so they can keep track, so they can each have one.

20          Any objection to giving those to the jurors?

21          MS. SWEENEY:  No objection.

22          MS. MORENO:  No objection.

23          THE COURT:  Thank you.

24          MR. SCHELLER:  Judge, what time will you release the

25  jury?

1    THE COURT:  I was thinking around five.  What I'll

2  probably do is around 5:00 have Mel, the court security

3  officer, step in to see if they want to adjourn for the

4  evening, or they want to stay a little bit longer.

5    MR. SCHELLER:  Okay.

6    THE COURT:  I'll leave it to them.

7    MR. SCHELLER:  We'll stay.

8    THE COURT:  I suspect they'll want to go, but --

9    MR. SCHELLER:  Thanks.

10    (WHEREUPON, this matter was concluded at 4:12 p.m.)

11

12                    *   *   *

13

14          <u>CERTIFICATE OF REPORTER</u>

15

16  I certify that the foregoing is a correct transcript of the
   record of proceedings in the above-entitled matter.

17

18  _/s/ Suzanne L. Trimble_____          5/17/18
   Suzanne L. Trimble, CCR, CRR, RPR          Date

19  Official Court Reporter

20

21

22

23

24

25